UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ROBERT J. GHOST BEAR, | CIV. 11-5051-JLV |
| Plaintiff, | |
| | ORDER OF DISMISSAL |
| vs. | |
| SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

On June 21, 2011, Mr. Ghost Bear, *pro se*, filed a complaint alleging Count 1: retaliation to a victim, witness, or informant; and Count 2: tampering with a victim, witness, or informant. (Docket 1). He also filed a motion to proceed *in forma pauperis*. (Docket 4). Mr. Ghost Bear has a case pending in the District of South Dakota. See Ghost Bear v. Weber, et. al, CIV. 09-5094-JLV. That litigation seeks legal redress for claims of violation of civil rights under 42 U.S.C. § 1983, *et seq.* Id. Mr. Ghost Bear is represented by Attorney Richard L. Johnson in that case. (CIV. 09-5094-JLV, Docket 72).

The current complaint focuses on allegations of misconduct by the South Dakota Department of Corrections personnel on June 9, 2011. (Docket 1). Mr. Ghost Bear alleges the defendants took possession of or destroyed his legal paperwork with the intent to commit the public offense of retaliation of a victim, witness or informant, in violation of 18 U.S.C. § 1513, and threatened his life if he continued to pursue his § 1983 case, with the intent to commit the

public offense of tampering with a victim, witness, or informant, in violation of 18 U.S.C. § 1512. Id.

Federal law makes it a crime to tamper with a witness, victim or informant. 18 U.S.C. § 1512(a)(2) provides:

> Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to--
>
>     (A)    influence, delay, or prevent the testimony of any person in an official proceeding;
>
>     (B)    cause or induce any person to--
>
>     (i) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
>
>     (ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;
>
>     (iii) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
>
>     (iv) be absent from an official proceeding to which that person has been summoned by legal process; or
>
>     (C)    hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;
>
> shall be punished as provided in [this section].

Section 1512(c) provides:

> Whoever corruptly--
>
> > (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> > (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be [punished as provided in this section].

18 U.S.C. § 1512(c).

Federal law also makes it a crime to retaliate against a witness, victim or informant.

> Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for--
>
> > (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
>
> > (2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer;
>
> or attempts to do so, shall be [punished as provided in this section).

18 U.S.C. § 1513(b).

Pursuant to 28 U.S.C. § 1915A, a district court is required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  Thus, the court is required to screen a prisoner's complaint as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief.  This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

4

The court finds Mr. Ghost Bears' complaint is frivolous because "it lacks [a] . . . basis . . . in law . . . ." Neitzke, 490 U.S. at 325. There is no private right of redress or private suit under § 1983 or under an implied right of action for violation of 18 U.S.C. §§ 1512 or 1513. See Frison v. Zebro, 339 F.3d 994, 999 (8th Cir. 2003) ("The touchstone for determining whether a statute confers a private right of action is congressional intent. . . . [U]nless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." (citing Thompson v. Thompson, 484 U.S. 174, 179 (1988) (internal quotation marks omitted). "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." Id. (citing Gonzaga University v. Doe, 536 U.S. 273, 286 (2002)). There is no indication Congress intended a private cause of action created by these criminal statutes.

Ordinarily, the court dismisses a complaint without prejudice under 28 U.S.C. § 1915A. A dismissal without prejudice would allow a plaintiff the opportunity to amend the complaint and potentially present a viable claim. Attorney Johnson, as well as previous court-appointed counsel, have been diligently assisting Mr. Ghost Bear in his § 1983 case. The court previously advised Mr. Ghost Bear he is not allowed to file *pro se* pleadings with the court.

(CIV. 09-5094-JLV, Docket 65). The allegations made in the current complaint are of the nature and type which should be addressed through plaintiff's counsel. The court encourages Mr. Ghost Bear to present these concerns to Attorney Johnson so he may determine if, or how, these allegations may be relevant to the current § 1983 case.

Accordingly, it is hereby

ORDERED that pursuant to 28 U.S.C. § 1915A(b)(1), plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma paupers* (Docket 4) is denied as moot.

Dated August 16, 2011.

                        BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        UNITED STATES DISTRICT JUDGE